**CONTINENTAL LIFE AND ACCIDENT COMPANY, Appellant,**

v.

**Albert J. DOIG, Appellee.**

No. 23471.

United States Court of Appeals, Ninth Circuit.

May 17, 1971.

---

1. 354 F.2d 22, 23 (9th Cir. 1965).

28

of the court, directing the retention of sums to pay certain judgments. We decline to consider this argument because the order of June 3, 1968, was presented by appellant and entered upon its request. There is no contention that the provision of that order giving rise to appellant's sixth point was included by inadvertence. If any of the provisions of this order are improper, the error was invited.

Affirmed.

**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Laura GRASS, Defendant-Appellant.**

**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Jerry Stanley GRASS, Defendant-Appellant.**

**No. 20830.**

United States Court of Appeals,
Sixth Circuit.

May 26, 1971.

Francis R. Crable (argued), Phoenix, Ariz., for appellant.

William Lee McLane (argued), of McLane & McLane, Phoenix, Ariz., for appellee.

Before BARNES, HAMLEY and JERTBERG, Circuit Judges.

PER CURIAM:

 Of the six points which appellant argues on appeal, we lack jurisdiction to consider the first five since, as to these points, the appeal is untimely. These five points pertain to past orders allowing counsel fees and litigation expenses which, under the circumstances of this case, were independently appealable long before the instant appeal was taken, but concerning which no appeals were taken.

 The sixth point pertains to a provision in an order, dated June 3, 1968, distributing funds in the registry